# In the United States Court of Federal Claims

No. 12-434C

(Filed: December 12, 2012)

(**NOT TO BE PUBLISHED**)

```
*********************************
                                    )
NELIA LOPEZ,                        )
                                    )
                Plaintiff,          )
                                    )
        v.                          )
                                    )
UNITED STATES,                      )
                                    )
                Defendant.          )
                                    )
*********************************
```

Nelia Lopez, *pro se*, Clifton, New Jersey.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Nelia Lopez, requests monetary relief from the government in an amount equal to a cash award bonus and pay increase that she alleges is owed to her in connection with her performance as an employee of the Department of Veterans Affairs ("VA"). Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

# BACKGROUND[1]

Ms. Lopez's claim arises from evaluations of her job performance as a medical clerk at the VA Medical Center East in New York City, where she is paid in accordance with the General Schedule and is a GS 6/10 (Grade Six, Step 10). Compl. ¶ 2; *see also* Def.'s Mot. to Dismiss at 2. Ms. Lopez alleges that she is entitled to a $1,000 cash award based upon a 2008 performance appraisal and, additionally, a quality step increase[2] in pay stemming from her 2009 performance appraisal, which would have enabled her to have earned an additional $4,936. Compl. ¶ 11; *see also* Def.'s Mot. to Dismiss at 1-2. In 2008, Ms. Lopez received a high rating from her immediate supervisor in a performance appraisal and was recommended for a cash award in recognition of her work. Def.'s Mot. to Dismiss at 2. The VA's human resources department did not adopt the recommendation on the ground that there were insufficient written examples to support a cash award. *Id*. Because of delays in resubmitting a recommendation to the human resources department, Ms. Lopez did not receive a cash award for her 2008 performance. *Id*. In 2009, Ms. Lopez again received a high rating in a performance appraisal, and her immediate supervisor believed she should receive a quality step increase in pay based upon her performance. *Id*. Ms. Lopez refused to sign the performance appraisal for 2009 until she received a cash award for 2008. *Id*.; Compl. ¶ 7. Because she would not sign the paperwork, VA supervisors did not recommend that she receive a quality step increase. Def.'s Mot. to Dismiss at 3.

Ms. Lopez filed an Equal Opportunity Employment claim alleging that the denial of the cash award and quality step increase were retaliation for protected activity. *Id*.; Comp. ¶ 5. On appeal, the Equal Employment Opportunity Commission determined that Ms. Lopez's claim for the quality step increase was untimely and that neither of the claims had merit. Compl., attach. at 9 (EEOC Bench Decision). Ms. Lopez then filed this suit on July 3, 2012.

The government moved to dismiss on August 31, 2012, contending that Ms. Lopez failed to identify any money-mandating statute or regulation that supported her claims. Def.'s Mot. to Dismiss at 1. On October 1, 2012, Ms. Lopez filed a response in which she argued that the payment of the claim was mandatory because "once the agency makes a decision that is discretionary, the carrying out of that decision is then required or 'mandatory.'" Pl.'s Opp'n to Mot. to Dismiss at 1 ("Pl.'s Opp'n"). The government's reply, filed October 15, 2012, reiterated its contention that this court lacked jurisdiction to hear the case because the payments claimed to be due were discretionary, not mandatory. Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Def.'s Reply").

---

[1]This statement of the circumstances relating to Ms. Lopez's claim is taken from the parties' filings. No material facts appear to be disputed.

[2]For employees paid in accord with the General Schedule, 5 U.S.C. § 5336 provides that the head of each government agency "may grant additional step-increases in recognition of high quality performance above that ordinarily found in the type of position concerned."

**ANALYSIS**

*Standards for Decision*

"[A] 'court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002) (citing *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997))). In considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)). When the court's subject matter jurisdiction has been called into question by a motion filed under RCFC 12(b)(1), however, the burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936), and this burden is not satisfied until proven by a preponderance of the evidence, *Reynolds,* 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (quoting *McNutt*, 298 U.S. at 189)); *see also Jascourt v. United States*, 207 Ct. Cl. 955 (1975) (stating that plaintiff bears the burden of establishing the predicates for a waiver of sovereign immunity).

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create a substantive right to relief, nor is it, by itself, sufficient to confer jurisdiction on this court. *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). Rather, "[a] substantive right must be found in some other source of law." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). Thus, the Tucker Act essentially acts to waive the government's sovereign immunity with respect to claims deriving from a money-mandating source of law. *Id.* Accordingly, to establish that this court has subject matter jurisdiction under the Tucker Act, the plaintiff must first point to an independent, substantive source of law that may be interpreted as mandating payment from the United States for the injury suffered, and upon successfully doing so, the plaintiff must then present "a non[-]frivolous assertion that [he or she] is within the class of plaintiffs entitled to recover" under that money-mandating source. *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008).

*Subject Matter Jurisdiction*

Ms. Lopez contends that this court has subject matter jurisdiction over her claim "for money only under the [Court of Federal Claims'] suit code 312 [—] Civilian [P]ay – [O]ther." Compl. ¶ 1. She also argues that she is "entitled to the money sought because[,] according to the [VA, she] earned it. . . . [O]nce the agency makes a decision that is discretionary, the carrying out of that decision is then required or 'mandatory.'" Pl.'s Opp'n at 1. The government, in turn, avers that the cash performance award and quality step increase which Ms. Lopez claims are mandatory are, instead, discretionary in nature. Def.'s Mot. to Dismiss at 4. In the government's

3

view, the statutes and regulations authorizing an award and step increase give the agencies discretion to grant such bonuses, but do not mandate them. *Id.*

For a statute to be "'money-mandating,' the statute's 'language and effect must be mandatory.'" *Black v. United States*, 56 Fed. Cl. 19, 22 (2003) (citing *Deshauteurs v. United States*, 39 Fed. Cl. 263, 266 (1997) (additional citations omitted)). A statute is not "money-mandating when it gives the government complete discretion over the decision whether or not to pay an individual or group." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006). There is a presumption that the use of the word "may" in a statute creates discretion. *Id.*; *see also McBryde v. United States*, 299 F.3d 1357, 1362 (Fed. Cir. 2002). This presumption may be rebutted by inferences drawn from the structure and purpose of the statute in question. *Doe*, 463 F.3d at 1324; *McBryde*, 299 F.3d at 1362. A statute is not wholly discretionary, even if it uses the word "may," when an analysis of congressional intent or the structure and purpose of the statute reveal one of the following: (1) the statute has "clear standards for paying" money to recipients, (2) the statute specifies "precise amounts" to be paid, or (3) the statute compels payment once certain conditions precedent are met. *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364-65 (Fed. Cir. 2005) (citing *Perri v. United States*, 340 F.3d 1337, 1342-43 (Fed. Cir. 2003)).

The statutes at issue are 5 U.S.C. §§ 4505a and 5336. 5 U.S.C. § 4505a(a) states that "[a]n employee whose most recent performance rating was at the fully successful level or higher (or the equivalent thereof) *may* be paid a cash award." 5 U.S.C. § 4505a(a)(1) (emphasis added). The amount of the payment turns on what the agency head deems to be an appropriate award, but may not exceed twenty percent of the employee's annual basic pay. 5 U.S.C. § 4505a(a)(2). The plain language of the statute confirms the presumption of government discretion stemming from use of the word "may." The statute does not specify precise amounts to be paid nor does it compel payment after certain conditions are met. It does not set forth "clear standards" for making payments to employees; instead, it vests decision-making power in the agency head, subject to the twenty percent cap. Furthermore, the statute notes that "[t]he failure to pay a cash award under this section, or the amount of such an award, may not be appealed," 5 U.S.C. § 4505a(b)(2), supporting the determination that the payment of such a bonus is within the agency's discretion and not mandated by the statute. The implementing regulation comports with this reading. It, too, provides that an "agency *may* grant a cash, honorary, or informal recognition award . . . consistent with chapter 45 of title 5, United States Code, and this part to an employee, as an individual or member of a group, on the basis of . . . [p]erformance as reflected in the employee's most recent rating of record . . . [,] provided that the rating of record is at the fully successful level (or equivalent) or above." 5 C.F.R. § 451.104(a) (emphasis added).

Similarly, 5 U.S.C. § 5336, which governs quality step increases, does not mandate the payment of money to a government employee. It states that "[w]ithin the limit of available appropriations and under regulations prescribed by the Office of Personnel Management, the head of each agency *may* grant additional step-increases in recognition of high quality performance above that ordinarily found in the type of position concerned." 5 U.S.C. § 5336(a) (emphasis added). The plain language of the statute, and its use of the word "may," creates a presumption of government discretion. The statute does not specify precise amounts to be paid or compel payment after certain conditions are met. The implementing regulation provides

4

descriptions of the types of employees to whom quality step increases may be awarded, but it explicitly cautions that such awards are discretionary:

> A quality step increase *shall not be required but may be granted only to —*
>
> (a) An employee who receives a rating of record at Level 5 ("Outstanding" or equivalent), as defined in part 430, subpart B, of this chapter; or
>
> (b) An employee who, when covered by a performance appraisal program that does not use a Level 5 summary —
>
> (1) Receives a rating of record at the highest summary level used by the program; and
>
> (2) Demonstrates sustained performance of high quality significantly above that expected at the "Fully Successful" level in the type of position concerned, as determined under performance-related criteria established by the agency.

5 C.F.R. § 531.504 (emphasis added). In sum, quality step increases are not mandatory.

Because 5 U.S.C. § 4505a and 5 U.S.C. § 5336 are not money-mandating statutes, they do not give this court jurisdiction under the Tucker Act to hear Ms. Lopez's claims.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED pursuant to RCFC 12(b)(1). This court does not have subject matter jurisdiction over Ms. Lopez's claims. The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge